

July 15, 2022

Hon. Brian M. Cogan, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:  Game Seven Everyday, Inc, et al. v. Joseph Conklin, et al., No. 22-cv-03394 (BMC)**

Dear Judge Cogan:

This office represents defendants Hunter Cole and Thomas Sharkey in the above referenced action.  Cole and Sharkey are the only defendants that have been served in this action to date.  We write pursuant to Rule III. A.1 of the Court's Individual Rules of Practice to request a pre-motion conference concerning our anticipated motion to dismiss the Amended Complaint (ECF 6).  Plaintiffs' federal copyright infringement claim is baseless and the Court need not consider the state claims, which would fail under Rule 12(b)(6) in any event for the reasons summarized below.  Although only two defendants have been served, the arguments would apply equally to all named defendants.

The undersigned met and conferred with counsel for Plaintiffs via telephone earlier today.  Plaintiffs' counsel clarified that there are allegedly 10,000 unique images at issue in this case and admitted that her clients have not secured a copyright registration for any of them.

**Count I:  Copyright Infringement:**  Section 411(a) of the Copyright Act, 17 U.S.C. § 411(a), provides (with certain exceptions not relevant here) that "no action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  In *Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), the Supreme Court confirmed that a plaintiff must prove registration as a "precondition to filing a claim" for copyright infringement.  *Id*. at 1241, 1247.  Courts in the Second Circuit have consistently enforced the statutory requirement of registration prior to suit.  *E.g., Psihoyos v. John Wiley & Sons, Inc*., 748 F.3d 120, 125 (2d Cir. 2014) (affirming dismissal where copyright plaintiff did not attempt registration prior to instituting infringement action); *Pyatt v. Raymond*, 462 F. Appx. 22 (2d Cir. 2012), as amended (Feb. 9, 2012) (affirming dismissal for failure to register and denying plaintiff an opportunity to amend); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp 3d 176, 201-02 (E.D.N.Y. 2018) (dismissing copyright infringement claims for failure to allege ownership and registration of the copyrights); *Gattoni v. Tibi, LLC*, 254 F.

Supp. 3d 659, 663 (S.D.N.Y. 2017 ("district courts in the Second Circuit require that a plaintiff either hold a valid copyright registration or have applied and been refused a registration as a prerequisite to filing a civil claim").

Plaintiffs do not allege in the Amended Complaint that they have registered or attempted unsuccessfully to register the copyrights in the artwork at issue.  Indeed, Plaintiffs' counsel acknowledged in our meet and confer today that her clients are not registered, and my review of the Copyright Office's public database confirmed that the Plaintiffs did not apply to register let alone secure copyright registrations for the artwork before filing the Amended Complaint.  Accordingly, the copyright infringement claim must be dismissed along with the pendent state law claims.

**Count II:  Breach of Contract**:  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege, in clear, non-conclusory terms, all the essential elements of the contract upon which liability is predicated.  *Desilva v. North Shore-Long Island Jewish Health Sys.*, 2010 U.S. Dist. LEXIS 79816 at 31(E.D.N.Y. Aug. 9, 2010) (*citing Sirohi v. Trustees of Columbia Univ.*, 162 F.3d 1148 (2d Cir. 1998)).   Here, the Amended Complaint is vague, general and conclusory.  For example, paragraphs 50-52 allege that the parties agreed to a 50/50 share of the profits from the NFT project while paragraph 65 says they agreed plaintiffs would receive "two-thirds of the profits generated from the sale of NFTs that used their artwork."  According to Plaintiffs' counsel, the agreement was memorialized in a signed writing, though she says the 50/50 split was proposed in a text.  Further, the Amended Complaint contains no specific allegations as to the respective obligations of the parties, how profits would be calculated, the timing of payment, the contract's duration and scope, or any other specific terms and conditions upon which the Court can measure the legal viability of Plaintiffs' pleading.  Accordingly, the pleading must be dismissed.

**Count III:   Breach of the Covenant of Good Faith and Fair Dealing:** "Under New York law, a cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed where it is 'duplicative of the insufficient breach of contract claim.'" *Desilva v. North-Shore*, 2010 U.S. Dist. LEXIS 79816 at 32 (quoting *Jacobs Private Equity, LLC v. 450 Park LLC*, 22 A.D.3d 347, 803 N.Y.S.2d 14, 15 (2005)).  Here, Count III is merely duplicative of Count II, which is insufficiently pled.  Accordingly, Count III should be dismissed.

**Count IV:  Unjust Enrichment:**  Unjust enrichment is not a separate cause of action under New York law but instead is conceptualized as a different facet of a single quasi contract cause of action.  *Desilva v. North-Shore*, 2010 U.S. Dist. LEXIS 79816 at 35.  For the same reason that Plaintiffs breach of contract claim must be dismissed, Plaintiffs unjust enrichment claim must as well.  The unjust enrichment claim is plead in the alternative (ECF 6 at ¶ 116) and the Amended Complaint does not allege that Plaintiffs rendered additional services distinct from the insufficiently pled contractual services claimed in Count II.

768 Peach Lake Road, P.O. Box 665 | North Salem, New York 10560 | tel 914-669-6743 | cell 914-886-8198
kdaniels@katherinedanielsllc.com

For the foregoing reasons, Defendants respectfully request a premotion conference.

                                                   Respectfully submitted,

                                                   *Katherine J. Daniels*

cc:  Counsel of Record, via ECF

768 Peach Lake Road, P.O. Box 665 | North Salem, New York 10560 | tel 914-669-6743 | cell 914-886-8198

kdaniels@katherinedanielsllc.com